**F I L E D**
CLERK, U.S. DISTRICT COURT

10/14/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VAV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 2:22-cr-00476-MEMF |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Receipt of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |
| GARY DAVID GOULIN, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about August 3, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant GARY DAVID GOULIN knowingly received on an Apple iPhone, bearing IMEI number 356718116321131, child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), namely, a video titled "telegram-cloud-document-5-6060053903804728098_partial," using a means and facility of interstate and foreign commerce, namely, the internet and the Telegram application, and which had been mailed, and which had

been shipped and transported in and affecting interstate and foreign commerce by any means, including by cellphone, knowing that the video contained child pornography.

COUNT TWO

[18 U.S.C. §§ 2252(a)(5)(B), (b)(2)]

On or about November 4, 2021, in Los Angeles County, within the Central District of California, defendant GARY DAVID GOULIN knowingly possessed four silver Verbatim DVDs, bearing titles "FHFUE," "Asian," "jiuiiuiu," and "Foreign," that contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by the Internet and cellphone, knowing that the images were child pornography.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)    All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b)    All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)    All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

4

the total value of the property described in the preceding paragraph
if, as the result of any act or omission of the defendant, the
property described in the preceding paragraph, or any portion
thereof: (a) cannot be located upon the exercise of due diligence;
(b) has been transferred, sold to or deposited with a third party;
(c) has been placed beyond the jurisdiction of the court; (d) has
been substantially diminished in value; or (e) has been commingled
with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        _____/S/_____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney


SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOANNA M. CURTIS
Assistant United States Attorney
Chief, Violent & Organized Crime
Section

CATHARINE A. RICHMOND
Assistant United States Attorney
Violent & Organized Crime Section