E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SARAH S. LEE (Cal. Bar No. 311480)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7407
    Facsimile: (213) 894-0141
    E-mail:    sarah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:22-cr-00476-MEMF |
|---|---|
|       Plaintiff, | <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>GARY DAVID GOULIN</u> |
|          v. | |
| GARY DAVID GOULIN, | |
|       Defendant. | |

    1.   This constitutes the plea agreement between GARY DAVID GOULIN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

    2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement

by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 28 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 31 and 32 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding the sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

3.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two of the indictment in <u>United States v. GARY DAVID GOULIN</u>, CR No. 2:22-cr-00476-MEMF, which charges defendant with Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 21 of this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

i.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.

j.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.

k.   Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

l.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

m.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   <u>Sex Offender Registration</u>:  Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

ii.   <u>Counseling</u>:  Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.  As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iii. <u>Access to Materials</u>:  Defendant shall not view or possess any materials, including pictures, photographs, books,

writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. §2256(2).  The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

       iv.  <u>Contact with Others</u>:  Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services. Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under

the age of 18.  Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2). Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

v.   Employment: Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

vi.  Residence: Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

vii. Search:  Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release

1  or unlawful conduct by defendant, and by any Probation Officer in the

2  lawful discharge of the officer's supervision function.

3          viii.    Computer:  The defendant shall possess and

4  use only those computers and computer-related devices, screen

5  usernames, passwords, email accounts, and internet service providers

6  (ISPs), social media accounts, messaging applications and cloud

7  storage accounts that have been disclosed to the Probation Officer

8  upon commencement of supervision.  Any changes or additions are to be

9  disclosed to the Probation Officer prior to the first use. Computers

10  and computer-related devices are those personal computers, internet

11  appliances, electronic games, cellular telephones, digital storage

12  media, and their peripheral equipment that can access, or can be

13  modified to access, the internet, electronic bulletin boards, and

14  other computers to view, obtain or transmit materials with depictions

15  of sexually explicit conduct involving children, as defined by 18

16  U.S.C. § 2256(2).  All computers, computer-related devices, and their

17  peripheral equipment, used by defendant shall be subject to search

18  and seizure.  This shall not apply to items used at the employment's

19  site that are maintained and monitored by the employer.  Defendant

20  shall comply with the rules and regulations of the Computer

21  Monitoring Program.  Defendant shall pay the cost of the Computer

22  Monitoring Program, in an amount not to exceed $32 per month per

23  device connected to the internet.

24          n.    To forfeit all right, title, and interest in and to

25  any and all monies, properties, and/or assets of any kind, derived

26  from or acquired as a result of, or involved in the illegal activity

27  to which defendant is pleading guilty, specifically including, but

28  not limited to, the following items:

7

1              i.    Apple iPhone, blue, model number A1502;

2              ii.   61 Verbatim DVD;

3              iii.  Apple iPad, silver, serial number DMPDH2L7NRC9;

4              iv.   Apple laptop, serial number C02XC75VJGH5;

5              v.    SanDisk External Hard Drive, black, model number

6     SDSSDE60;

7              vi.   SanDisk Thumb Drive, model number SDCZ88-128G;

8              vii.  SanDisk Thumb Drive, model number SDCZ48-512G;

9              viii.    225 Various DVDs;

10             ix.   Western Digital External Hard Drive, white/gray,

11    serial number WCC7K6ZJVD4F;

12             x.    Firelite External Hard Drive, silver, 30 GB,

13    model number JH2426M; and

14             xi.   Western Digital External Hard Drive, silver, 2

15    TB, serial number WX61E8531V9A (collectively, the "Forfeitable

16    Assets").

17         o.    To the Court's entry of an order of forfeiture at or

18    before sentencing with respect to the Forfeitable Assets and to the

19    forfeiture of the assets.

20         p.    To take whatever steps are necessary to pass to the

21    United States clear title to the Forfeitable Assets, including,

22    without limitation, the execution of a consent decree of forfeiture

23    and the completing of any other legal documents required for the

24    transfer of title to the United States.

25         q.    Not to contest any administrative forfeiture

26    proceedings or civil judicial proceedings commenced against the

27    Forfeitable Assets.  If defendant submitted a claim and/or petition

28    for remission for all or part of the Forfeitable Assets on behalf of

himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

r.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

s.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

t.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

u.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

v.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 21 of this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

<u>NATURE OF THE OFFENSE</u>

5.   Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Possession of Child Pornography, in violation of Title 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), the following must be true:

a.   Defendant knowingly possessed matters that defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

b.   Defendant knew each visual depiction contained in the matters showed minors engaged in sexually explicit conduct;

c.   Defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

d.   Each visual depiction had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means; or produced using material that had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer.

6.   Defendant understands that for defendant to be subject to the statutory maximum sentence set forth below, the government must prove beyond a reasonable doubt that defendant's possession of child pornography involved a visual depiction of child pornography that involved a prepubescent minor or a minor who had not attained 12 years of age, engaged in sexually explicit conduct.  Defendant admits that defendant, in fact, possessed images that depicted prepubescent

minors, or minors who had not attained 12 years of age, engaged in sexually explicit conduct.

<u>PENALTIES AND RESTITUTION</u>

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2), is: 20 years imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for each violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2), is: a five-year period of supervised release and a mandatory special assessment of $100.

9. Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

10. Defendant understands that, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court may impose an additional special assessment of up to $17,000.

11. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the

offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.   Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13.   Defendant understands and agrees that pursuant to Title 18, United States Code, Section 2259, defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any count dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

14.   Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately.  The government is not

precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

15. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

16. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and

that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

17.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 19 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about November 4, 2021, in Los Angeles County, within the Central District of California, defendant knowingly possessed four silver Verbatim DVDs, bearing titles "FHFUE," "Asian," "jiuiiuiu," and "Foreign," that contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by the Internet and cellphone, knowing that the images were child pornography.

Also on or about November 4, 2021, defendant knowingly possessed 57 additional silver Verbatim DVDs that contained child pornography, as defined in Title 18, United States Code, Section 2256(8)(A).  The

average run time of the child pornography on these DVDs was approximately 3 hours and 21 minutes.  Defendant knowingly possessed these DVDs containing child pornography and knew that they contained material depicting minors engaged in sexually explicit conduct.

On or about August 3, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant used his cell phone to knowingly receive child pornography, namely, a video titled "telegramcloud-document-5-6060053903804728098_partial." Defendant received the child pornography using the internet and the Telegram application.

In all, defendant knowingly possessed on his devices more than 600 images that he knew constituted child pornography.  The materials possessed by defendant included multiple child pornography images and videos depicting prepubescent minors, who had not attained 12 years of age, as well as images and videos depicting minors engaging in sadistic or masochistic conduct.  For example, the materials included images of prepubescent minors being anally penetrated by adults, and images of prepubescent minors being manually masturbated by adults.

Defendant admits and agrees that he knew the images and videos that he possessed and received contained visual depictions of minors engaging in sexually explicit conduct, that he knew each visual depiction contained in the images and videos showed minors engaged in sexually explicit conduct, and that he knew that production of such visual depictions involved use of minors engaged in sexually explicit conduct.

Defendant admits and agrees that the children depicted in the child pornography images and videos are real children, and defendant

downloaded the images and videos from the Internet, which is a means and facility of interstate and foreign commerce.

Defendant admits and agrees that the images and videos that defendant possessed either had been mailed, shipped, or transported in and affecting interstate or foreign commerce or were produced using materials that had been mailed, shipped, or transported in and affecting interstate or foreign commerce.

During the time period when defendant received and possessed child pornography images and videos, defendant was a pediatrician.

SENTENCING FACTORS AND AGREED-UPON SENTENCE

18. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

19. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2G2.2(a)(1) |
| Material Involving a Prepubescent Minor: | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Sadomasochistic Images: | +4 | U.S.S.G. § 2G2.2(b)(4)(A) |
| Use of a Computer: | +2 | U.S.S.G. § 2G2.2(b)(6) |
| 600 or more Images | +5 | U.S.S.G. § 2G2.2(b)(7)(D) |

20. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

1    21.   Defendant and the USAO agree that, taking into account the

2    factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant

3    sentencing guideline factors set forth above, an appropriate

4    disposition of this case is that the Court impose a sentence of: 48

5    to 60 months' imprisonment; a fifteen year period of supervised

6    release with conditions to be fixed by the Court which shall include

7    the conditions set forth in paragraph 3(m); a fine of $25,000; a $100

8    mandatory special assessment; an additional $5,000 special assessment

9    under the Victims of Trafficking Act of 2015; an additional special

10   assessment of up to $17,000 under the Amy, Vicky, and Andy Child

11   Pornography Victim Assistance Act of 2018; and restitution to be

12   imposed by the Court.  The parties also agree that no prior

13   imprisonment (other than credits that the Bureau of Prisons may allow

14   under 18 U.S.C. § 3585(b)) may be credited against this stipulated

15   sentence, including credit under Sentencing Guideline § 5G1.3.

16                    <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17   22.  Defendant understands that by pleading guilty, defendant

18   gives up the following rights:

19        a.   The right to persist in a plea of not guilty.

20        b.   The right to a speedy and public trial by jury.

21        c.   The right to be represented by counsel – and if

22   necessary have the Court appoint counsel -- at trial.  Defendant

23   understands, however, that, defendant retains the right to be

24   represented by counsel – and if necessary have the Court appoint

25   counsel – at every other stage of the proceeding.

26        d.   The right to be presumed innocent and to have the

27   burden of proof placed on the government to prove defendant guilty

28   beyond a reasonable doubt.

17

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF RETURN OF DIGITAL DATA</u>

23.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

<u>WAIVER OF APPEAL OF CONVICTION</u>

24.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

<u>AND WAIVER OF COLLATERAL ATTACK</u>

25.  Defendant agrees that, provided the Court imposes the sentence specified in paragraph 21 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

26.  The USAO agrees that, provided the Court imposes the sentence specified in paragraph 21 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

27.  Defendant also gives up any right to bring a postconviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

28.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

29.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

30.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

31.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations

are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

32. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action

against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

33. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

34. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 19 and 21 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation

1  and Pretrial Services Office and the Court, even if that factual

2  information may be viewed as inconsistent with the facts agreed to in

3  this agreement, this paragraph does not affect defendant's and the

4  USAO's obligations not to contest the facts agreed to in this

5  agreement.

6                      NO ADDITIONAL AGREEMENTS

7      35.  Defendant understands that, except as set forth herein,

8  there are no promises, understandings, or agreements between the USAO

9  and defendant or defendant's attorney, and that no additional

10  promise, understanding, or agreement may be entered into unless in a

11  writing signed by all parties or on the record in court.

12        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13      36.  The parties agree that this agreement will be considered

14  part of the record of defendant's guilty plea hearing as if the

15  entire agreement had been read into the record of the proceeding.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
18  CALIFORNIA

19  E. MARTIN ESTRADA
    United States Attorney

20

21  _____          04/06/2023
    SARAH S. LEE                             Date
22  Assistant United States Attorney

23  _____          April 6, 2023
    GARY DAVID GOULIN                        Date
24  Defendant

25  _____          4/6/23
    MARK J. WERKSMAN                         Date
26  Attorney for Defendant GARY DAVID
    GOULIN

27

28
                            23

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

GARY DAVID GOULIN
Defendant

Date April 4, 2023

24

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am GARY DAVID GOULIN's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

MARK J. WERKSMAN
Attorney for Defendant GARY DAVID
GOULIN

4/6/23
Date