E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SARAH S. LEE (Cal. Bar No. 311480)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7407
     Facsimile: (213) 894-0141
     E-mail:    sarah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-cr-00476-MEMF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: October 13, 2023 |
| GARY DAVID GOULIN, | Hearing Time: 10:00 a.m. |
| Defendant. | Location:    Courtroom of the Hon. Maame Ewusi-Mensah Frimpong |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sarah S. Lee, hereby files its Sentencing Position.

//

//

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, the sentence recommendation letter, and such further evidence and argument as the Court may wish to consider at the time of sentencing.  The United States reserves the right to file a reply brief prior to sentencing.

Dated: September 29, 2023       Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


      /s/
SARAH S. LEE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Gary David Goulin ("defendant") was charged in a two-count indictment charging receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). On April 26, 2023, defendant pleaded guilty to count two for possession of child pornography. Defendant pleaded guilty pursuant to a plea agreement in which defendant and the government agreed to a range of imprisonment, 48 to 60 months, under Federal Rule of Criminal Procedure 11(c)(1)(C). (Dkt. 27 ("Plea Agreement")). The range is a downward variance from the Sentencing Guidelines range of 78-97 months.

Defendant now awaits sentencing, and the government recommends a term of imprisonment at the high-end of the agreed-upon range: 60 months. The government also requests the Court impose a fifteen-year period of supervised release, a fine of $25,000, a $100 mandatory special assessment, an additional $5,000 special assessment under the Victims of Trafficking Act of 2015, and an additional special assessment of $17,000 under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. 2259A(a)(1).[1]

---

[1] The Probation Office's recommendation letter, (Dkt. 32), omits the additional $17,000 assessment provided for by 18 U.S.C. § 2259A(a)(1). But the Probation Officer has indicated to government counsel that the omission was inadvertent and the letter will be amended to recommend the assessment prior to sentencing. The government believes this additional assessment is appropriate and defendant has agreed to this additional assessment in his plea agreement. (Plea Agreement ¶ 21.)

**II.   STATEMENT OF FACTS**

Defendant's conduct is egregious. Based on a tip from Dropbox that defendant was uploading child pornography, the Los Angeles Police Department executed a search warrant at defendant's house on November 4, 2021. Inside his house, defendant possessed 61 DVDs containing child pornography, with an average run time of 3 hours and 21 minutes per DVD. (Dkt. 33 ("PSR") ¶¶ 15-16.) In other words, defendant possessed approximately 204 hours of child pornography. Defendant also used his cell phone to download child pornography. (PSR ¶ 17.)

Among these materials, defendant possessed multiple child pornography images and videos depicting prepubescent minors, who had not attained 12 years of age, as well as images and videos depicting minors engaging in sadistic or masochistic conduct. (PSR ¶ 18.) For example, the materials included images of prepubescent minors being anally penetrated by adults, and images of prepubescent minors being manually masturbated by adults. (PSR ¶ 20.)

During the time period when defendant received and possessed the 204 hours of child pornography images and videos, including materials depicting minors engaging in sadistic or masochistic conduct, defendant was a pediatrician in a hospital in Los Angeles. (PSR ¶¶ 21, 68.)

**III. THE COURT SHOULD SENTENCE DEFENDANT TO 60 MONTHS IMPRISONMENT**

   **A.   Guideline Calculations and The Plea Agreement**

In the plea agreement, the parties agreed to the following offense level and specific offense characteristics:

   Base Offense Level:      18   U.S.S.G. § 2G2.2(a)(1)

```
            Material Involving
            a Prepubescent Minor:     +2   U.S.S.G. § 2G2.2(b)(2)

            Sadomasochistic Images:   +4   U.S.S.G. § 2G2.2(b)(4)(A)

            Use of Computer:          +2   U.S.S.G. § 2G2.2(b)(6)

            600 or more Images:       +5   U.S.S.G. § 2G2.2(b)(7)(D)
            _____

            Adjusted Offense Level:   31
```

(Plea Agreement ¶ 19.)

The PSR agreed with the calculation of the offense level set forth in the plea agreement. (PSR ¶¶ 28-41.) With a three-level decrease for acceptance of responsibility, defendant's total offense level is 28. (PSR ¶¶ 43-45.)

The PSR determined that defendant's criminal history category is I (PSR ¶ 52), with which the government agrees. Accordingly, the government submits that defendant's Sentencing Guideline range is 78 to 97 months. For the reasons explained further below, the government recommends a below-Guidelines sentence of 60 months imprisonment.

**B.  The Nature and Circumstances of Defendant's Offense and His History and Characteristics**

The nature and circumstances of defendant's offense, as well as his history and characteristics, warrant the government's recommended sentence of 60 months' imprisonment. See 18 U.S.C. § 3553(a)(1).

Defendant's conduct is serious. Defendant received and possessed a large collection of child pornography materials -- over 204 hours of videos and images. At the same time that he possessed these materials, he was entrusted with caring for children as a pediatrician at a hospital. As the Probation Office noted, despite knowing the harm resulting from his crime to children, defendant

3

"still financially contributed to these industries that victimized the same children he was meant to be helping."  (Dkt. 32 at 8.)

The materials defendant possessed and received were horrific. They included images and videos of children, including prepubescent children.  And they included images and videos of children engaged in sadistic or masochistic conduct, such as penetration.  Unfortunately, as is often the case for child pornography crimes, the victims remain nameless because the government has not been able to identify any of the victims.  This conduct merits a significant period of incarceration.

There are, however, mitigating factors that warrant a downward departure.  As an initial matter, defendant promptly accepted responsibility for the offense.  In addition, this is defendant's first criminal conviction at 62 years of age.

On balance, therefore, defendant's history and characteristics and the nature and circumstances of his offense warrant the recommended sentence.

### C. Need To Reflect Seriousness Of Offense; Promote Respect For The Law; Provide Just Punishment; Afford Adequate Deterrence; And Protect The Public From Further Crimes

The sentence must satisfy the need to punish defendant, as well as society's need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence; and protect the public.  18 U.S.C. § 3553(a)(2).  Those objectives justify the government's recommended sentence of 60 months' imprisonment.  Defendant's conduct must be deterred, as such conduct harms the most vulnerable members of society.  Any lower sentence would minimize the seriousness of this conduct.  Thus, a significant period of incarceration is warranted to promote respect

for the law, provide just punishment, deter defendant, and protect the public from further crimes.

      **D.    The Court Should Impose a Fifteen-Year Period of Supervised Release**

As defendant agreed to in the plea agreement, the government recommends a fifteen-year period of supervised release. Congress has recognized the importance of supervised release in the rehabilitation of sex offenders, as evidenced by the five-year statutory minimum and lifetime statutory maximum terms provided by 18 U.S.C. § 3583(k). The same provision also provides for at least five years' imprisonment -- a particularly severe sanction -- for those individuals who violate the terms of their supervised release by committing an additional sex offense. Id. And, as expressed by the Supreme Court, "[t]he risk of recidivism posed by sex offenders is frightening and high." Smith v. Doe, 538 U.S. 84, 103 (2003) (internal quotation marks omitted); see also McKune v. Lile, 536 U.S. 24, 33 (2002) ("When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault."). Given the concerns with sex offender recidivism embodied in the law, a fifteen-year period of supervised release would properly afford defendant the monitoring and treatment necessary to prevent future criminal conduct.

      **E.    The Court Should Impose an Additional Special Assessment $5,000, an Additional Special Assessment of $17,000, and a Fine of $25,000**

In addition to the $100 mandatory special assessment that applies in all cases, defendant has agreed to an additional $5,000 special assessment, an additional $17,000 special assessment, and a

5

$25,000 fine. (Plea Agreement ¶ 21.) The Court should impose these special assessments and fine.

The Justice for Trafficking Victims Act requires the Court to impose a $5,000 assessment upon any non-indigent person who commits a crime related to the sexual exploitation of children after its enactment date. 18 U.S.C. § 3014. This applies to defendant as the Probation Office has found defendant is not indigent. (PSR ¶¶ 87-95, 105.) Defendant is also subject to an additional $17,000 assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. 2259A(a)(1), which provides for an assessment up to $17,000 on any person convicted of an offense under 18 U.S.C. § 2252A(a)(5). (PSR ¶ 106.) Further, defendant has the ability to pay the $25,000 fine. (PSR ¶¶ 89-94.) Accordingly, these monetary obligations are appropriate.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 60 months' incarceration, a fifteen-year period of supervised release, a fine of $25,000, a $100 mandatory special assessment, an additional $5,000 special assessment under the Victims of Trafficking Act of 2015, and an additional $17,000 assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018.