E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SARAH S. LEE (Cal. Bar No. 311480)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7407
    Facsimile: (213) 894-0141
    E-mail:    sarah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:22-cr-00476-MEMF |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT GARY DAVID GOULIN |
|        v. | |
| GARY DAVID GOULIN, | |
|     Defendant. | |

1. This constitutes the plea agreement between GARY DAVID GOULIN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two of the indictment in United States v. GARY DAVID GOULIN, CR No. 2:22-cr-

WP

00476-MEMF, which charges defendant with Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Recommend that defendant be sentenced to a term of imprisonment of no less than 48 months and not seek, argue, or suggest in any way, either orally or in writing, that the Court impose a term of imprisonment below 48 months.

g.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

i.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

j.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.

k.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all

of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.

l.   Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

m.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

n.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   <u>Sex Offender Registration</u>: Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

ii.  <u>Counseling</u>: Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment

1  evaluations and physiological testing, such as polygraph and Abel

2  testing, but the defendant retains the right to invoke the Fifth

3  Amendment.  The Probation Officer shall disclose the presentence

4  report and/or any previous mental health evaluations or reports to

5  the treatment provider.  As directed by the Probation Officer,

6  defendant shall pay all or part of the costs of treating defendant's

7  psychological/psychiatric disorder(s) to the aftercare contractor

8  during the period of community supervision, pursuant to 18 U.S.C. §

9  3672.  Defendant shall provide payment and proof of payment as

10  directed by the Probation Officer.

11       iii. <u>Access to Materials</u>:  Defendant shall not view or

12  possess any materials, including pictures, photographs, books,

13  writings, drawings, videos, or video games, depicting and/or

14  describing child pornography, as defined in 18 U.S.C. §2256(8), or

15  sexually explicit conduct depicting minors, as defined at 18 U.S.C.

16  §2256(2).  The defendant shall not possess or view any materials such

17  as videos, magazines, photographs, computer images or other matter

18  that depicts "actual sexually explicit conduct" involving adults as

19  defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit

20  defendant from possessing materials solely because they are necessary

21  to, and used for, a collateral attack, nor does it prohibit defendant

22  from possessing materials prepared and used for the purposes of

23  defendant's Court-mandated sex offender treatment, when defendant's

24  treatment provider or the probation officer has approved of

25  defendant's possession of the materials in advance.

26       iv. <u>Contact with Others</u>:  Defendant shall not

27  associate or have verbal, written, telephonic, or electronic

28  communication with any person under the age of 18, except: (a) in the

presence of the parent or legal guardian of said minor; and (b) on
the condition that defendant notifies said parent or legal guardian
of defendant's conviction in the instant offense/prior offense.  This
provision does not encompass persons under the age of 18, such as
waiters, cashiers, ticket vendors, etc., with whom defendant must
interact in order to obtain ordinary and usual commercial services.
Defendant shall not frequent, or loiter, within 100 feet of school
yards, parks, public swimming pools, playgrounds, youth centers,
video arcade facilities, or other places primarily used by persons
under the age of 18.  Defendant shall not affiliate with, own,
control, volunteer or be employed in any capacity by a business or
organization that causes defendant to regularly contact persons under
the age of 18.  Defendant shall not affiliate with, own, control, or
be employed in any capacity by a business whose principal product is
the production or selling of materials depicting or describing
"sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).
Defendant shall not own, use or have access to the services of any
commercial mail-receiving agency, nor shall defendant open or
maintain a post office box, without the prior written approval of the
Probation Officer.

        v.   <u>Employment</u>:  Defendant's employment shall be
approved by the Probation Officer, and any change in employment must
be pre-approved by the Probation Officer.  Defendant shall submit the
name and address of the proposed employer to the Probation Officer at
least ten days prior to any scheduled change.

        vi.  <u>Residence</u>:  Defendant shall not reside within
direct view of school yards, parks, public swimming pools,
playgrounds, youth centers, video arcade facilities, or other places

primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

vii. <u>Search</u>:  Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

viii.   <u>Computer</u>:  The defendant shall possess and use only those computers and computer-related devices, screen usernames, passwords, email accounts, and internet service providers (ISPs), social media accounts, messaging applications and cloud storage accounts that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to the first use. Computers and computer-related devices are those personal computers, internet appliances, electronic games, cellular telephones, digital storage media, and their peripheral equipment that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers to view, obtain or transmit materials with depictions of sexually explicit conduct involving children, as defined by 18 U.S.C. § 2256(2).  All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search

6

and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

      o.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following items:

      i.   Apple iPhone, blue, model number A1502;

      ii.  61 Verbatim DVD;

      iii. Apple iPad, silver, serial number DMPDH2L7NRC9;

      iv.  Apple laptop, serial number C02XC75VJGH5;

      v.   SanDisk External Hard Drive, black, model number SDSSDE60;

      vi.  SanDisk Thumb Drive, model number SDCZ88-128G;

      vii. SanDisk Thumb Drive, model number SDCZ48-512G;

      viii.   225 Various DVDs;

      ix.  Western Digital External Hard Drive, white/gray, serial number WCC7K6ZJVD4F;

      x.   Firelite External Hard Drive, silver, 30 GB, model number JH2426M; and

      xi.  Western Digital External Hard Drive, silver, 2 TB, serial number WX61E8531V9A (collectively, the "Forfeitable Assets").

p. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

q. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

r. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

s. Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

t. Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

u. To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

v. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

w.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend a fine of no more than $25,000.

NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Possession of Child Pornography, in violation of Title 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), the following must be true:

a.   Defendant knowingly possessed matters that defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

b.   Defendant knew each visual depiction contained in the matters showed minors engaged in sexually explicit conduct;

c.   Defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

d.   Each visual depiction had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means; or produced using material that had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer.

5.   Defendant understands that for defendant to be subject to the statutory maximum sentence set forth below, the government must prove beyond a reasonable doubt that defendant's possession of child pornography involved a visual depiction of child pornography that involved a prepubescent minor or a minor who had not attained 12 years of age, engaged in sexually explicit conduct.  Defendant admits that defendant, in fact, possessed images that depicted prepubescent minors, or minors who had not attained 12 years of age, engaged in sexually explicit conduct.

<u>PENALTIES AND RESTITUTION</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2), is: 20 years imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice

the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for each violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2), is: a five-year period of supervised release and a mandatory special assessment of $100.

8.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

9.   Defendant understands that, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court may impose an additional special assessment of up to $17,000.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be

11

subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12. Defendant understands and agrees that pursuant to Title 18, United States Code, Section 2259, defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any count dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

13. Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

14. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

15.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

1

FACTUAL BASIS

2      16.   Defendant admits that defendant is, in fact, guilty of the

3   offense to which defendant is agreeing to plead guilty.  Defendant

4   and the USAO agree to the statement of facts provided below and agree

5   that this statement of facts is sufficient to support a plea of

6   guilty to the charge described in this agreement and to establish the

7   Sentencing Guidelines factors set forth in paragraph 18 below but is

8   not meant to be a complete recitation of all facts relevant to the

9   underlying criminal conduct or all facts known to either party that

10   relate to that conduct.

11      On or about November 4, 2021, in Los Angeles County, within the

12   Central District of California, defendant knowingly possessed four

13   silver Verbatim DVDs, bearing titles "FHFUE," "Asian," "jiuiiuiu,"

14   and "Foreign," that contained child pornography, as defined in Title

15   18, United States Code, Section 2256(8)(A), involving a prepubescent

16   minor and a minor who had not attained 12 years of age, that had been

17   mailed, and shipped and transported using any means and facility of

18   interstate and foreign commerce and in and affecting interstate and

19   foreign commerce by any means, including by the Internet and

20   cellphone, knowing that the images were child pornography.

21      Also on or about November 4, 2021, defendant knowingly possessed

22   57 additional silver Verbatim DVDs that contained child pornography,

23   as defined in Title 18, United States Code, Section 2256(8)(A).  The

24   average run time of the child pornography on these DVDs was

25   approximately 3 hours and 21 minutes.  Defendant knowingly possessed

26   these DVDs containing child pornography and knew that they contained

27   material depicting minors engaged in sexually explicit conduct.

28

14

1      On or about August 3, 2021, in Los Angeles County, within the

2  Central District of California, and elsewhere, defendant used his

3  cell phone to knowingly receive child pornography, namely, a video

4  titled "telegramcloud-document-5-6060053903804728098_partial."

5  Defendant received the child pornography using the internet and the

6  Telegram application.

7      In all, defendant knowingly possessed on his devices more than

8  600 images that he knew constituted child pornography.  The materials

9  possessed by defendant included multiple child pornography images and

10  videos depicting prepubescent minors, who had not attained 12 years

11  of age, as well as images and videos depicting minors engaging in

12  sadistic or masochistic conduct.  For example, the materials included

13  images of prepubescent minors being anally penetrated by adults, and

14  images of prepubescent minors being manually masturbated by adults.

15      Defendant admits and agrees that he knew the images and videos

16  that he possessed and received contained visual depictions of minors

17  engaging in sexually explicit conduct, that he knew each visual

18  depiction contained in the images and videos showed minors engaged in

19  sexually explicit conduct, and that he knew that production of such

20  visual depictions involved use of minors engaged in sexually explicit

21  conduct.

22      Defendant admits and agrees that the children depicted in the

23  child pornography images and videos are real children, and defendant

24  downloaded the images and videos from the Internet, which is a means

25  and facility of interstate and foreign commerce.

26      Defendant admits and agrees that the images and videos that

27  defendant possessed either had been mailed, shipped, or transported

28  in and affecting interstate or foreign commerce or were produced

using materials that had been mailed, shipped, or transported in and affecting interstate or foreign commerce.

During the time period when defendant received and possessed child pornography images and videos, defendant was a pediatrician.

SENTENCING FACTORS

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

18.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2G2.2(a)(1) |
| Material Involving a Prepubescent Minor: | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Sadomasochistic Images: | +4 | U.S.S.G. § 2G2.2(b)(4)(A) |
| Use of a Computer: | +2 | U.S.S.G. § 2G2.2(b)(6) |
| 600 or more Images | +5 | U.S.S.G. § 2G2.2(b)(7)(D) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, though defendant agrees to

16

1   not seek a term of imprisonment below 48 months, as agreed to in

2   Paragraph 2(f).

3       19.   Defendant understands that there is no agreement as to

4   defendant's criminal history or criminal history category.

5       20.   Except as set forth in Paragraph 2(f), defendant and the

6   USAO reserve the right to argue for a sentence outside the sentencing

7   range established by the Sentencing Guidelines based on the factors

8   set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and

9   (a)(7).

10                  WAIVER OF CONSTITUTIONAL RIGHTS

11      21.   Defendant understands that by pleading guilty, defendant

12   gives up the following rights:

13          a.   The right to persist in a plea of not guilty.

14          b.   The right to a speedy and public trial by jury.

15          c.   The right to be represented by counsel – and if

16   necessary have the Court appoint counsel -- at trial.  Defendant

17   understands, however, that, defendant retains the right to be

18   represented by counsel – and if necessary have the Court appoint

19   counsel – at every other stage of the proceeding.

20          d.   The right to be presumed innocent and to have the

21   burden of proof placed on the government to prove defendant guilty

22   beyond a reasonable doubt.

23          e.   The right to confront and cross-examine witnesses

24   against defendant.

25          f.   The right to testify and to present evidence in

26   opposition to the charges, including the right to compel the

27   attendance of witnesses to testify.

28

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF RETURN OF DIGITAL DATA</u>

22.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

<u>WAIVER OF APPEAL OF CONVICTION</u>

23.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

<u>AND WAIVER OF COLLATERAL ATTACK</u>

24.   Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an

18

offense level of 28 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in Paragraph 2 above.

25. Defendant also gives up any right to bring a postconviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

26.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a total term of imprisonment within or above the range corresponding to an offense level of 28 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of that sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

27.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

28.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

1
EFFECTIVE DATE OF AGREEMENT

2  29.  This agreement is effective upon signature and execution of

3 all required certifications by defendant, defendant's counsel, and an

4 Assistant United States Attorney.

5
BREACH OF AGREEMENT

6  30.  Defendant agrees that if defendant, at any time after the

7 signature of this agreement and execution of all required

8 certifications by defendant, defendant's counsel, and an Assistant

9 United States Attorney, knowingly violates or fails to perform any of

10 defendant's obligations under this agreement ("a breach"), the USAO

11 may declare this agreement breached.  All of defendant's obligations

12 are material, a single breach of this agreement is sufficient for the

13 USAO to declare a breach, and defendant shall not be deemed to have

14 cured a breach without the express agreement of the USAO in writing.

15 If the USAO declares this agreement breached, and the Court finds

16 such a breach to have occurred, then: (a) if defendant has previously

17 entered a guilty plea pursuant to this agreement, defendant will not

18 be able to withdraw the guilty plea, and (b) the USAO will be

19 relieved of all its obligations under this agreement.

20  31.  Following the Court's finding of a knowing breach of this

21 agreement by defendant, should the USAO choose to pursue any charge

22 that was either dismissed or not filed as a result of this agreement,

23 then:

24  a.  Defendant agrees that any applicable statute of

25 limitations is tolled between the date of defendant's signing of this

26 agreement and the filing commencing any such action.

27  b.  Defendant waives and gives up all defenses based on

28 the statute of limitations, any claim of pre-indictment delay, or any

21

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

32.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

22

chooses to impose are not error, although each party agrees to maintain its view that the calculations in Paragraph 18 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

34.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

35.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

1                PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        36.    The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
7 CALIFORNIA

8 E. MARTIN ESTRADA
United States Attorney
9

10 _____        10/20/2023
SARAH S. LEE                          Date
11 Assistant United States Attorney

12 _____        10/19/2023
GARY DAVID GOULIN                 Date
13 Defendant

14 _____        10/19/2023
MARK J. WERKSMAN                 Date
15 Attorney for Defendant GARY DAVID
GOULIN
16

17

18

19

20

21

22

23

24

25

26

27

28

1

CERTIFICATION OF DEFENDANT

2      I have read this agreement in its entirety.  I have had enough
3  time to review and consider this agreement, and I have carefully and
4  thoroughly discussed every part of it with my attorney.  I understand
5  the terms of this agreement, and I voluntarily agree to those terms.
6  I have discussed the evidence with my attorney, and my attorney has
7  advised me of my rights, of possible pretrial motions that might be
8  filed, of possible defenses that might be asserted either prior to or
9  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
10 of relevant Sentencing Guidelines provisions, and of the consequences
11 of entering into this agreement.  No promises, inducements, or
12 representations of any kind have been made to me other than those
13 contained in this agreement.  No one has threatened or forced me in
14 any way to enter into this agreement.  I am satisfied with the
15 representation of my attorney in this matter, and I am pleading
16 guilty because I am guilty of the charge and wish to take advantage
17 of the promises set forth in this agreement, and not for any other
18 reason.

19

_____          ___10/19/2023___
20 GARY DAVID GOULIN                         Date
   Defendant
21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am GARY DAVID GOULIN's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Mark Werksman_ _____          10/19/2023
MARK J. WERKSMAN                              Date
Attorney for Defendant GARY DAVID
GOULIN

26