E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SARAH S. LEE (Cal. Bar No. 311480)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7407
     Facsimile: (213) 894-0141
     E-mail:    sarah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-cr-00476-MEMF |
|---|---|
| Plaintiff, | JOINT STATUS REPORT |
| v. | |
| GARY DAVID GOULIN, | |
| Defendant. | |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sarah S. Lee, and defendant Gary David Goulin, by and through his counsel of record, Mark J. Werksman, hereby submit this joint status report to address two issues raised by the Court: (1) how the parties wish to proceed since the Court rejected the parties' Rule 11(c)(1)(C) plea agreement, and (2) the parties' calculation of excludable time under the Speedy Trial Act.

//

//

**PLEA AND PLEA AGREEMENT**

On April 6, 2023, the parties filed a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) ("binding plea agreement". (Dkt. 27.)  On April 26, 2023, the Court held a change of plea hearing and accepted defendant's plea to Count Two of the indictment.  At the change of plea hearing, the Court deferred the decision whether to accept the parties' binding plea agreement.

On October 13, 2023, the time set for the sentencing hearing, the Court informed the parties that it was rejecting the binding plea agreement and gave defendant the opportunity to withdraw his plea under Federal Rule of Criminal Procedure 11(c)(5).  Defendant indicated that he would not withdraw his plea at that time.  The government thereafter requested a continuance of the sentencing to discuss a potential alternate resolution.

The parties have since met and conferred and filed a new plea agreement, (Dkt. 44), as the binding plea agreement is null and void. The parties request the Court set another hearing, at the Court's earliest convenience.  At that hearing, defendant intends to withdraw his prior plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(A).  The parties will then jointly request that the Court conduct a new change of plea hearing pursuant to the terms of the new plea agreement.  The parties will then jointly request that the Court immediately proceed with a sentencing hearing on the new plea.

The parties hereby agree that sentencing can proceed based on the presentence report (Dkt. 33), the revised presentence report (Dkt. 39), and any further revisions the Probation Office files prior to the sentencing hearing.  Defendant hereby waives the 35-day

minimum period by which a new presentence report must be issued under Federal Rule of Criminal Procedure 32(e)(2).

At this time, the parties do not expect to file any amendments to their previously filed sentencing positions.  The parties reserve the right to file any additional sentencing positions or state their objections at the sentencing hearing if further amendments are made to the presentence report.

**SPEEDY TRIAL CALCULATION**

Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 13, 2022. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 21, 2023.  On February 14, 2023, the Court ordered the time period of December 20, 2022, to June 6, 2023, inclusive, as excluded under the Speedy Trial Act.  (Dkt. 23.) On April 26, 2023, the Court accepted defendant's plea to Count Two of the Indictment and vacated the trial date.  (Dkt. 29.)

In light of the above, only 7 days -- the time period between December 13, 2022 and December 20, 2022 -- have not been excluded under the Speedy Trial Act.  The parties further believe that time under the Speedy Trial Act did not start to run after the Court's rejection of the parties' binding plea agreement, as defendant has not yet withdrawn his plea.  See, e.g., United States v. Carter, 804 F.2d 508, 512 (9th Cir. 1986) ("Legislative history makes clear that 'where a defendant pleads guilty and then withdraws his plea ... the time limits commence again on the day the plea is withdrawn.'").

Once defendant withdraws his previously-entered plea, the parties believe time will re-start under the Speedy Trial Act, but

anticipate defendant will then immediately enter a new plea pursuant to the new plea agreement.

Dated: October 20, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

      */s/*
SARAH S. LEE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: October 20, 2023

      */s/ with email authorization*
MARK J. WERKSMAN

Attorney for Defendant
GARY DAVID GOULIN

4